```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                      CLARKSBURG
```

**NORTHSTAR TECHNOLOGIES, LLC,**

      **Plaintiff,**

**v.**                                   CIVIL ACTION NO. 1:24-CV-78
                                                                 (KLEEH)

**LOCOMOTE EXPRESS, LLC and**
**JASON DEVER,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 7] AND**
**GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 4]**

Pending before the Court is Plaintiff's Motion to Remand [ECF No. 7] and Defendant's Motion to Dismiss [ECF No. 4]. For the reasons discussed herein, the Motion to Remand is **DENIED**, and the Motion to Dismiss is **GRANTED**.

**I.   INTRODUCTION AND PROCEDURAL HISTORY**

This case arises out of a transportation incident that occurred in Bridgeport, West Virginia. ECF No. 1-2, at ¶¶ 1,4. Defendant, Locomote Express, LLC ("Locomote"), is a West Virginia limited liability company which is engaged in the trucking business for both intra- and inter-state transportation services. ECF No. 1-2, at ¶ 4. Defendant Jason Dever was employed by Locomote as a truck driver. ECF No. 1-2, at ¶ 5. Plaintiff, NorthStar Technologies, LLC ("NorthStar"), was hired by Pratt Whitney Engine

Case 1:24-cv-00078-TSK   Document 19   Filed 03/13/25   Page 2 of 10 PageID #: 121

**NORTHSTAR TECHNOLOGIES v. LOCOMOTE EXPRESS, et al.**         **1:24-CV-78**

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 7] AND
GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 4]**

Services("PWES") to perform warehousing services at the PWES facility in Bridgeport, West Virginia.

Plaintiff filed its Complaint in the Circuit Court of Harrison County, West Virginia on July 29, 2024, alleging negligence, respondeat superior, and negligent training. ECF No. 1-2. Locomote and Jason Dever ("Defendants") removed Plaintiff's Complaint to the Northern District of West Virginia on August 20, 2024, pursuant to 28 U.S.C. § 1441. ECF No. 1. On August 28, 2024, Defendants filed its pending Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 4. On September 18, 2024, Plaintiff filed its pending Motion for Remand to the Circuit Court of Harrison County, West Virginia. ECF No. 7. On October 2, 2024, Defendant responded to Plaintiff's Motion for Remand. ECF No. 10. On September 18, 2024, Plaintiff filed a joint memorandum in support if its Motion for Remand and in response to Defendants' Motion to Dismiss. ECF No. 8. As such, both the Plaintiff's Motion for Remand [ECF No. 7] and Defendants' Motion to Dismiss [ECF No. 4] are fully briefed and ripe for review.

## II.   FACTUAL BACKGROUND

On or before April 26, 2023, Locomote was hired by PWES to pick up a jet engine from its Bridgeport, West Virginia facility and deliver it to Columbus, Ohio. ECF No. 1-2, at ¶ 22. On April

2

Case 1:24-cv-00078-TSK   Document 19   Filed 03/13/25   Page 3 of 10 PageID #: 122

**NORTHSTAR TECHNOLOGIES v. LOCOMOTE EXPRESS, et al.**          **1:24-CV-78**

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 7] AND
GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 4]**

26, 2023, Jason Dever, driving a Locomote truck, arrived at the facility to pick up the jet engine. ECF No. 1-2, at ¶ 23.

While items were still being loaded into the truck, Defendant Dever signed a bill of lading from PWES indicating that all items to be picked up and delivered had been received and securely loaded into his truck. ECF No. 1-2, at ¶¶ 27, 28. Defendant Dever began to drive the Locomote truck away, without first ensuring that the cargo was properly distributed and adequately secured or that the door to the truck was safely shut. ECF No. 1-2, at ¶ 31. As a result, a jet engine was dropped to the ground while it was being loaded onto the Locomote truck, causing damage to the jet engine. ECF No. 1-2, at ¶ 32.

The cost to repair the jet engine was $1,149,000.00. ECF No. 1-2, at ¶33. PWES looked to NorthStar to pay for the damage because the NorthStar employees were loading the jet engine onto the truck when the damage occurred. ECF No. 1-2, at ¶ 34. NorthStar engaged in settlement negotiations with PWES but reserved its right to pursue claims against Defendants for their contribution to the jet engine damage. ECF No. 1-2, at ¶ 37. In its Complaint, Plaintiff alleges three state law claims: negligence against Dever (Count I), respondeat superior against Locomote (Count II), and negligent training against Locomote (Count III). ECF No. 1-2.

Case 1:24-cv-00078-TSK   Document 19   Filed 03/13/25   Page 4 of 10 PageID #: 123

**NORTHSTAR TECHNOLOGIES v. LOCOMOTE EXPRESS, et al.**          **1:24-CV-78**

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 7] AND**
**GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 4]**

### III. Plaintiff's Motion for Remand is Denied.

Removal is appropriate when a "civil action [is] brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. Federal courts have subject matter jurisdiction over cases where a "federal statute creates the cause of action" so that the case "arise[s] under" federal law. Childers v. Chesapeake & Potomac Tel. Co., 881 F.2d 1259, 1261 (4th Cir. 1989); Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). Here, Plaintiff brings claims that fall within the scope of the Carmack Amendment. See 49 U.S.C. § 14706. While Plaintiff asserts that the cargo was damaged before it was transported, shipped, or placed in interstate transit [ECF No. 8, at 2.], the term "transportation" extends to the handling and interchange of property. 49 U.S.C. § 13102(23). Accordingly:

> It is a comprehensive exercise of Congress's power to regulate interstate commerce. As a result it has long been interpreted to preempt state liability rules pertaining to cargo carriage, either under statute or common law: "Almost every detail of the subject is covered so completely [by the Carmack Amendment] that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it."

5K Logistics, Inc. v. Daily Exp., Inc., 659 F.3d 331, 335 (4th Cir. 2011) (citing Adams Express Co. v. Croninger, 226 U.S. 491,

Case 1:24-cv-00078-TSK   Document 19   Filed 03/13/25   Page 5 of 10 PageID #: 124

**NORTHSTAR TECHNOLOGIES v. LOCOMOTE EXPRESS, et al.**           **1:24-CV-78**

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 7] AND
GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 4]**

505-06(1913)). The case arises within the scope of the Carmack Amendment because the damage occurred while the jet engine was being placed into interstate transit and the bill of lading was completed. As such, this Court has federal question jurisdiction and the Motion to Remand [ECF No. 7] is **DENIED.**

### IV. Defendant's Motion to Dismiss is Granted.

Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (citations omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve

Case 1:24-cv-00078-TSK   Document 19   Filed 03/13/25   Page 6 of 10 PageID #: 125

**NORTHSTAR TECHNOLOGIES v. LOCOMOTE EXPRESS, et al.         1:24-CV-78**

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 7] AND
GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 4]**

contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of his claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

Here, Plaintiff's Complaint alleges three State law claims — negligence against Dever (Count I), respondeat superior against Locomote (Count II), and negligent training against Locomote (Count III). ECF No. 1-2. However:

> The Carmack Amendment is a "comprehensive exercise of Congress's power to regulate interstate commerce" that creates "a national scheme of carrier liability for goods damaged or lost during interstate shipment under a valid bill of lading." It preempts all state or common law claims available to a shipper against a carrier for loss or damage associated with interstate shipments.

Rush Indus., Inc. v. MWP Contractors, LLC, 539 F. App'x 91, 94 (4th Cir. 2013) (citations omitted). Here, the damaged engine was subject of the interstate bill of lading and was intended for interstate transportation from Bridgeport, West Virginia to Columbus, Ohio. ECF No. 1-2, at ¶¶ 22, 27, & 28. As such,

Case 1:24-cv-00078-TSK   Document 19   Filed 03/13/25   Page 7 of 10 PageID #: 126

**NORTHSTAR TECHNOLOGIES v. LOCOMOTE EXPRESS, et al.**   1:24-CV-78

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 7] AND**
**GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 4]**

Plaintiff's state law claims (Counts I-III) are preempted by the Carmack Amendment. The Carmack Amendment provides:

> A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives under this part. That carrier . . . [is] liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property. . . . Failure to issue a receipt or bill of lading does not affect the liability of a carrier.

49 U.S.C. § 14706(a)(1).

### A. COUNT I—NEGLIGENCE OF LOCOMOTE DRIVER (DEVER)

Count 1 alleges negligence against Locomote's driver, Dever. ECF No. 1-2, ¶ 5. Specifically, Plaintiff alleges "Dever was employed by Locomote," maintained a commercial driver's license, and was trained by Locomote for the purpose of interstate transport. ECF No. 1-2, ¶¶ 9-12. Dever was hired to pick up the engine for interstate transport on April 26, 2023, under a bill of lading. Plaintiff further alleges that Dever damaged the engine, in the course of his employment, when he pulled the truck forward. ECF No. 1-2, ¶¶ 22, 28, 32.

Plaintiff cannot circumvent the Carmack Amendment by naming an individual employee as its chosen Defendant. Indeed, under 49 U.S.C. § 13907(a), carriers are responsible for all acts or

Case 1:24-cv-00078-TSK Document 19 Filed 03/13/25 Page 8 of 10 PageID #: 127

**NORTHSTAR TECHNOLOGIES v. LOCOMOTE EXPRESS, et al.**  1:24-CV-78

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 7] AND
GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 4]**

omissions of its agents. Dzingeleski v. Allied Van Lines, Inc., No. 5:18CV2, 2018 WL 2275238, at *3 (N.D.W. Va. May 17, 2018) ("Not only does the statutory language impose liability on a motor carrier for the acts and omissions of the carrier's agent, but case law holds that the agent of a disclosed principal cannot be held liable pursuant to a duly issued bill of lading contract") (citations omitted).

Because it is uncontested that the alleged damage to the cargo occurred while Dever was acting in the scope of his employment with Locomote and the motor carrier was engaged in interstate transportation, Plaintiff cannot maintain a state claim for negligence against Dever. As such, Count I is **DISMISSED**.

### B. COUNT II—RESPONDEAT SUPERIOR LIABILITY OF LOCOMOTE

Count II alleges that on April 26, 2023, the Locomote truck was loaded with the cargo, and that "Dever signed a bill of lading from PWES indicating that he had received all of the items for which PWES was paying Locomote to deliver." ECF No. 1-2, ¶ 26-27. Further, Plaintiff alleges Locomote is responsible for the damages to the engine because Jason Dever was acting as Locomote's employee at the time of the subject incident.[1] ECF No. 1-2, ¶¶ 22, 39, 42.

---

[1] "In essence, the doctrine of respondeat superior imposes liability on an employer 'for the negligent acts of an employee

8

Case 1:24-cv-00078-TSK   Document 19   Filed 03/13/25   Page 9 of 10 PageID #: 128

**NORTHSTAR TECHNOLOGIES v. LOCOMOTE EXPRESS, et al.**          1:24-CV-78

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 7] AND
GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 4]**

Count II for negligence is similarly preempted by the Carmack Amendment, which preempts all state or common law claims available to a shipper against a carrier for loss or damage associated with interstate shipments. Rush Indus., Inc. v. MWP Contractors, LLC, 539 F. App'x 91, 94 (4th Cir. 2013) (citation omitted). This preemption includes claims for negligence as applied to Dever's employer, Locomote, for the damage to the jet engine. As such, Count II is **DISMISSED**.

### C. COUNT III—NEGLIGENT TRAINING BY DEFENDANT LOCOMOTE

In Count III, Plaintiff alleges Locomote negligently trained Dever regarding the interstate transport of goods. ECF No. 1-2, ¶¶ 44-48. Because Count III also raises a negligence theory, the same reasoning as above applies and Count III is therefore preempted by the Carmack Amendment. As such, Count III is **DISMISSED**.

### V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** Plaintiff's motion to remand [ECF No. 7] and **GRANTS** Defendant's motion to dismiss [ECF No. 4]. Thus, Plaintiff's Complaint [ECF

---

committed while the employee was acting within the scope [of employment].'" Gasper v. Swick & Son Maint. Specialists, Inc., 2021 WL 1680475, at *5 (N.D.W. Va. Apr. 28, 2021) (quoting Dunn v. Rockwell, 689 S.E.2d 255, 274 (W. Va. 2009)).

Case 1:24-cv-00078-TSK   Document 19   Filed 03/13/25   Page 10 of 10  PageID #: 129

**NORTHSTAR TECHNOLOGIES v. LOCOMOTE EXPRESS, et al.**           **1:24-CV-78**

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 7] AND
GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 4]**

No. 1-2] is **DISMISSED WITH LEAVE TO AMEND**.[2] The Plaintiff is **DIRECTED** to file an Amended Complaint within twenty-one days from the date of entry of this order.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record by the CM/ECF system.

**DATED:**   March 13, 2025

```
                        Tom S Kleeh
                        _____
                        THOMAS S. KLEEH, CHIEF JUDGE
                        NORTHERN DISTRICT OF WEST VIRGINIA
```

---

[2] See Dzingeleski v. Allied Van Lines, Inc., No. 5:18CV2, 2018 WL 2275238, at *4 (N.D.W. Va. May 17, 2018) (granting Defendant's Motion to Dismiss with leave to amend the Complaint). "[A]lthough '[t]he facts as alleged in Plaintiff's Complaint are more than sufficient to demonstrate a viable cause of action under the Carmack Amendment .... [I]t is well within the Court's discretion to permit Plaintiff to file an Amended Complaint, stating a proper cause of action under federal law.' Midamerican Energy Co. v. Start Enter., Inc., 437 F. Supp. 2d 969, 973-74 (S.D. Iowa 2006)." Id.